Christine Pham
Legal Helpers, P.C.
260 California Street, Suite 280
San Francisco, CA 94111
Tel:  1.866.339.1156
Fax: 1.312.822.1064
Email:  cph@legalhelpers.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| Karen Jurisic<br><br>        Plaintiff,<br><br>v.<br><br>Global Credit & Collection Corporation<br><br>        Defendant. | Case No.:<br><br>Judge:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

**JURISDICTION AND VENUE**

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 and under the doctrine of Supplemental Jurisdiction pursuant to 28 U.S.C. §1367(a).  Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

**FACTS COMMON TO ALL COUNTS**

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

Complaint - 1

5. At the time of the communications reference herein, Defendant regularly used instrumentalities of interstate commerce or the mails to collect, or attempt to collect debts.

6. At the time of the communications reference herein, Defendant, in the ordinary course of business, regularly engages in the collection of debts on its own behalf and/or for others.

7. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

8. Defendant is a "debt collector" as defined by the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788.2(c).

9. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

10. On or around April 13, 2009, Plaintiff filed a voluntary petition for a Chapter 7 bankruptcy.

11. Plaintiff's bankruptcy petition listed the debt.

12. On or around November 10, 2009, Plaintiff's received a bankruptcy discharge of the debt.

13. In or around January 2010, Defendant telephoned Plaintiff at Plaintiff's place of employment.

14. During this communication, Plaintiff notified Defendant that Plaintiff was not allowed to receive Defendant's telephone calls at her place of employment and/or that it was inconvenient for Plaintiff to receive Defendant's telephone calls at her place of employment.

15. Despite having notice, Defendant telephoned Plaintiff at least 1 time thereafter.

16. On or around January 12, 2010, Plaintiff telephoned Defendant.

17. During this communication, Plaintiff notified Defendant of Plaintiff's bankruptcy discharge.

18. On or around January 12, 2010, Plaintiff's attorney telephoned Defendant.

19. During this communication, Plaintiff's attorney notified Defendant of Plaintiff's discharge.

20. Despite having notice of Plaintiff's bankruptcy and discharge, Defendant telephoned Plaintiff at least 2 times thereafter.

21. Despite having notice of Plaintiff's bankruptcy and discharge, on or around February 1, 2010, Defendant sent a collection letter to Plaintiff on notice to Plaintiff.

22. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

23. Defendant violated the FDCPA.

## COUNT ONE

**Violation of the Fair Debt Collection Practices Act**

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. Defendant violated 15 U.S.C. §1692c by calling Plaintiff at Plaintiff's place of employment after Defendant knew or had reason to know that Plaintiff's employer prohibited Plaintiff from receiving Defendant's phone calls.

## COUNT TWO

**Violation of the Fair Debt Collection Practices Act**

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. Defendant violated 15 U.S.C. §1692c by calling Plaintiff at a time and/or place known to be inconvenient for Plaintiff.

## COUNT THREE

**Violation of the Fair Debt Collection Practices Act**

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. Defendant violated 15 U.S.C. §1692c in that it communicated with Plaintiff notwithstanding Plaintiff's notice that Plaintiff was represented by an attorney.

## COUNT FOUR

**Violation of the Fair Debt Collection Practices Act**

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. Defendant violated 15 U.S.C. §1692e in that it falsely represented the character, amount, and/or legal status of the debt.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiff.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## COUNT SEVEN

### Violation of the Rosenthal Fair Debt Collection Practices Act

36. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

37. In communicating with Plaintiff at Plaintiff's place of employment for purposes other than verifying employment, obtaining location information, or effectuating a garnishment, Defendant violated California Civil Code §§ 1788.12(a).

## JURY DEMAND

38. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

39. Plaintiff prays for the following relief:

a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b. Judgment against Defendant for actual damages pursuant to California Civil Code § 1788.30(a), statutory damages for a knowing or willful violation in an amount up to $1,000 pursuant to California Civil Code § 1788.30(b); and reasonable attorneys' fees and costs pursuant to California Civil Code § 1788.30(c).

c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: _/s/ Christine Pham_
Christine Pham
260 California Street, Suite 280
San Francisco, CA 94111
Tel:  1.866.339.1156
Fax: 1.312.822.1064
Email:  cph@legalhelpers.com
*Attorneys for Plaintiff*